Benjamin Rankin (Cal. Bar No. 352371)
Ryan Maher (*Pro hac vice*)
CENTER FOR BIOLOGICAL DIVERSITY
1411 K St. NW, Ste. 1300
Washington, D.C. 20005
Phone: 202-849-8402
Email: brankin@biologicaldiversity.org

Jonathan Evans (Cal. Bar No. 247376)
CENTER FOR BIOLOGICAL DIVERSITY
2l00 Franklin St., Ste. 375
Oakland, CA 94612
Phone: 213-598-1466
Email: jevans@biologicaldiversity.org

*Counsel for Plaintiffs*

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

DAVID D. MITCHELL (IL Bar No. 6302250)
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 598-9737
Fax: (202) 514-8865
E-mail: david.mitchell@usdoj.gov

*Counsel for Defendant*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and CENTER FOR ENVIRONMENTAL HEALTH,<br><br>Plaintiffs,<br>v.<br><br>LEE ZELDIN, in his official capacity as Administrator, United States Environmental Protection Agency,<br><br>Defendant. | Case No. 4:25-cv-03143-HSG<br><br>**JOINT MOTION TO ENTER CONSENT DECREE** |

Plaintiffs, the Center for Biological Diversity and Center for Environmental Health, and Defendant, Lee Zeldin in his official capacity as Administrator, United States Environmental Protection Agency, (together, "the Parties") provide notice of this Joint Motion to Enter Consent Decree.

The Parties move the Court to enter the attached proposed Consent Decree (Exhibit A).

The Parties state the following in support:

1. Plaintiffs allege that EPA has failed to perform non-discretionary duties under the Clean Air Act, 42 U.S.C. §§ 7401-7671q, and that this failure is actionable under 42 U.S.C. § 7604(a)(2).

2. The Complaint alleges that under 42 U.S.C. §§ 7509(c)(1) and 7511(b)(2)(A) EPA had nondiscretionary duties to make attainment determinations by February 3, 2025, for the 2015 ozone National Ambient Air Quality Standards ("NAAQS") for the Phoenix-Mesa, Arizona and Mariposa County, California nonattainment areas, and that EPA has failed to perform these nondiscretionary duties.

3. The Complaint also alleges that under 42 U.S.C. §§ 7509(c)(2) and 7511(b)(2)(B) EPA had nondiscretionary duties to publish in the *Federal Register* the attainment determinations for the 2015 ozone NAAQS for the Phoenix-Mesa, Arizona and Mariposa County, California nonattainment areas, and that EPA failed to perform these nondiscretionary duties.

4. The Complaint seeks declaratory and injunctive relief from this Court directing EPA to perform the above referenced nondiscretionary duties by a date certain.

5. On October 20, 2025, the acting Regional Administrator for EPA Region 9 signed a notice of final rulemaking that fulfilled EPA's obligation under 42 U.S.C. § 7511(b)(2)(A) with respect to the Mariposa County, California 2015 ozone moderate nonattainment area and on October 30, 2025, this notice was published in the *Federal Register*.  90 Fed. Reg. 48820 (Oct. 30, 2025).

6. The Parties agree on a proposed Consent Decree resolving Plaintiffs' live claims. Under 42 U.S.C. § 7413(g), EPA must provide "a reasonable opportunity by notice in the

*Federal Register* to persons who are not named as parties or intervenors to the action or matter to comment in writing" upon the proposed Consent Decree. EPA provided the required comment period on the proposed Consent Decree through a notice published in the *Federal Register* on August 28, 2025. *Notice*, 90 Fed. Reg. 42005 (Aug. 28, 2025). EPA did not receive any comments.

7. The proposed Consent Decree requires Defendant to take final action under 42 U.S.C. § 7511(b)(2)(A) with respect to the Phoenix-Mesa, Arizona 2015 ozone moderate nonattainment area. If entered by the Court, the proposed Consent Decree will resolve all of Plaintiffs' live claims, other than attorneys' fees and costs. Plaintiffs' claims regarding the Mariposa County, California 2015 ozone moderate nonattainment area are moot as EPA has taken the final action Plaintiffs seek and published that action in the *Federal Register*. *See* 90 Fed. Reg. 48820 (Oct. 30, 2025); *WildEarth Guardians v. Regan,* 591 F. Supp. 3d 995, 1001 (D. Colo. 2022).

8. Through the proposed Consent Decree, the Parties indicate their agreement that the proposed Consent Decree is fair, reasonable and in the public interest.

Therefore, the Parties respectfully move the Court to enter the proposed Consent Decree attached as Exhibit A.

Respectfully submitted,

Dated: November 17, 2025

/s/ *Benjamin Rankin* (with permission)
BENJAMIN T. RANKIN
Center for Biological Diversity

*Counsel for Plaintiffs*

ADAM R.F. GUSTAFSON

Principal Deputy Assistant Attorney General

Dated: November 17, 2025

/s/ *David Mitchell*
DAVID D. MITCHELL
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section

*Counsel for Defendant*

**FILING ATTESTATION**

I attest that the signing counsel for Plaintiffs concurs in filing this document.

Dated: November 17, 2025

/s/ David Mitchell
DAVID D. MITCHELL
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section