Benjamin Rankin (Cal. Bar No. 352371)
Ryan Maher (*Pro hac vice*)
CENTER FOR BIOLOGICAL DIVERSITY
1411 K St. NW, Ste. 1300
Washington, D.C. 20005
Phone: 202-849-8402
Email: brankin@biologicaldiversity.org

Jonathan Evans (Cal. Bar No. 247376)
CENTER FOR BIOLOGICAL DIVERSITY
2l00 Franklin St., Ste. 375
Oakland, CA 94612
Phone: 213-598-1466
Email: jevans@biologicaldiversity.org

*Counsel for Plaintiffs*

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

DAVID D. MITCHELL (IL Bar No. 6302250)
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 598-9737
Fax: (202) 514-8865
E-mail: david.mitchell@usdoj.gov

*Counsel for Defendant*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and CENTER FOR ENVIRONMENTAL HEALTH,<br><br>Plaintiffs,<br><br>v.<br><br>LEE ZELDIN, in his official capacity as Administrator, United States Environmental Protection Agency,<br><br>Defendant. | Case No. 4:25-cv-03143-HSG<br><br>**[PROPOSED] CONSENT DECREE** |

1  WHEREAS, on April 8, 2025, the Center for Biological Diversity and the Center for Environmental Health ("Plaintiffs") filed Case No. 4:25-cv-03143-HSG against Lee Zeldin in his official capacity as Administrator, United States Environmental Protection Agency ("EPA");

WHEREAS, Plaintiffs allege that EPA has failed to perform certain non-discretionary duties under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401–7671q, and that EPA's inaction is actionable under 42 U.S.C. § 7604(a)(2);

WHEREAS, under the CAA, EPA promulgates national air ambient quality standards ("NAAQS") for ozone, among other air pollutants.  42 U.S.C. §§ 7408–09.  After promulgation, EPA must designate all areas in the country as attainment, nonattainment, or unclassifiable for the relevant NAAQS.  *Id.* § 7407(d)(1).  Ozone nonattainment areas are classified as marginal, moderate, serious, severe, or extreme.  *Id.* § 7511(a)(1);

WHEREAS, the CAA provides for attainment dates for ozone NAAQS, which is 6 years after designation for moderate nonattainment areas for ozone.  *Id.*; 40 C.F.R. § 51.1303.  The CAA requires EPA to determine whether a nonattainment area attained the relevant NAAQS within 6 months of the attainment date.  42 U.S.C. § 75l l(b)(2)(A).  EPA must publish determinations of areas that failed to attain in the *Federal Register*.  *Id.* § 7511(b)(2)(B);

WHEREAS, EPA designated and classified the Phoenix-Mesa, Arizona and Mariposa County, California areas as marginal nonattainment areas for the 2015 ozone NAAQS on June 4, 2018, with an effective date of August 3, 2018.  83 Fed. Reg. 25776 (June 4, 2018).  The attainment date for marginal nonattainment areas for the 2015 ozone NAAQS was August 3, 2021.  On October 7, 2022, EPA determined that 22 areas, including the Phoenix-Mesa, Arizona and Mariposa County, California areas, did not attain the 2015 ozone NAAQS by the marginal attainment date, and these areas were reclassified by operation of law as moderate.  87 Fed. Reg. 60897 (Oct. 7, 2022).  The moderate attainment date for the 2015 ozone NAAQS for the Phoenix-Mesa, Arizona and Mariposa County, California areas was August 3, 2024;

WHEREAS, the Complaint, ECF No. 1, alleges that under 42 U.S.C. §§ 7509(c)(1) and 7511(b)(2)(A) EPA had nondiscretionary duties to make attainment determinations by February

1  3, 2025, for the 2015 ozone NAAQS for the Phoenix-Mesa, Arizona and Mariposa County,
2  California nonattainment areas, and that EPA failed to perform these nondiscretionary duties;
3  　　　　WHEREAS, the Complaint also alleges that under 42 U.S.C. §§ 7509(c)(2) and
4  7511(b)(2)(B) EPA had nondiscretionary duties to publish in the *Federal Register* the attainment
5  determinations for the 2015 ozone NAAQS for the Phoenix-Mesa, Arizona and Mariposa
6  County, California nonattainment areas, and that EPA failed to perform these nondiscretionary
7  duties;
8  　　　　WHEREAS, in their Prayer for Relief, Plaintiffs request that the Court: (a) declare that
9  the Administrator is in violation of the Clean Air Act with regard to his alleged failure to
10 perform such nondiscretionary duties; (b) issue a mandatory injunction requiring the
11 Administrator to perform such duties by certain dates; (c) retain jurisdiction of this matter for
12 purposes of enforcing and effectuating the Court's order; (d) grant Plaintiffs their reasonable
13 costs of litigation, including attorneys' and expert fees; and (e) grant such further relief as the
14 Court deems just and proper;
15 　　　　WHEREAS, on October 20, 2025, the acting Regional Administrator for EPA Region 9
16 signed a notice of final rulemaking that fulfilled EPA's obligation under 42 U.S.C. §
17 7511(b)(2)(A) with respect to the Mariposa County, California 2015 ozone moderate
18 nonattainment area and on October 30, 2025, this notice was published in the Federal Register
19 (90 Fed. Reg. 48820);
20 　　　　WHEREAS, Plaintiffs and EPA have agreed to a settlement of this action without
21 admission of any issue of fact or law, except as expressly provided herein;
22 　　　　WHEREAS, Plaintiffs and EPA, by entering into this Consent Decree, do not waive or
23 limit any claim, remedy, or defense, on any grounds, related to any final EPA action;
24 　　　　WHEREAS, Plaintiffs and EPA consider this Consent Decree to be an adequate and
25 equitable resolution of all claims in this case and therefore wish to effectuate a settlement;
26 　　　　WHEREAS, it is in the interest of the public, Plaintiffs, EPA, and judicial economy to
27 resolve this case without protracted litigation;
28

1    WHEREAS, the Parties agree that this Court has subject matter jurisdiction over the
2    claims in this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 7604(a)(2) and that venue is
3    proper in this District under 28 U.S.C. § 1391(e) and Civil L.R. 3-2(c), (d);
4    NOW THEREFORE, before taking of any testimony upon the pleadings, without further
5    adjudication of any issue of fact or law, and upon consent of the Parties by their authorized
6    representatives, it is hereby ORDERED, ADJUDGED and DECREED as follows:
7        1.    No later than February 3, 2026, the appropriate EPA official shall sign a final
8    action that fulfills EPA's obligation under 42 U.S.C. § 7511(b)(2)(A) with respect to the
9    Phoenix-Mesa, Arizona 2015 ozone moderate nonattainment area.
10       2.    No later than 20 business days after signature of the final action under Paragraph
11   1 of this Consent Decree, EPA shall send notice of the action to the Office of the Federal
12   Register for review and publication in the *Federal Register*.
13       3.    After EPA has completed the action set forth in Paragraph 1 of this Consent
14   Decree, notice of the final action required by Paragraph 2 has been published in the *Federal
15   Register*, and the parties have resolved the issue of costs of litigation (including reasonable
16   attorney fees), EPA may move to have this Consent Decree terminated and the above-captioned
17   matter shall be dismissed with prejudice. Plaintiffs shall have 14 calendar days to respond to
18   such motion, unless the parties stipulate to a longer time.
19       4.    If EPA extends the notice and comment period for any action subject to the
20   deadline in Paragraph 1, that deadline shall extend automatically to the shorter of 30 days or a
21   number of days equal to the extension of the notice and comment period. When triggered, an
22   automatic extension under this Paragraph applies only once for the deadline in Paragraph 1.
23       5.    The deadline established by this Consent Decree may be extended (a) by written
24   stipulation of Plaintiffs and EPA and filed with the Court, or (b) by the Court upon motion by
25   any party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon
26   consideration of any response by the non-moving party and any reply. Any other provision of
27   this Consent Decree also may be modified by the Court following the motion of an undersigned
28

party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by the non-moving party and any reply.

6. If a lapse in EPA appropriations occurs within 120 days prior to the deadline in Paragraph 1 of this Consent Decree, the deadline shall be extended automatically one day for each day of the lapse in appropriations. Nothing in this Paragraph shall preclude EPA from seeking an additional extension of time through modification of this Consent Decree pursuant to Paragraph 6.

7. Plaintiffs and EPA agree that this Consent Decree constitutes a complete settlement of all claims in this case.

8. In the event of a dispute between Plaintiffs and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice, via electronic mail or other means, outlining the nature of the dispute and requesting informal negotiations.  The parties shall meet and confer in order to attempt to resolve the dispute.  If the parties are unable to resolve the dispute within 10 business days after receipt of the notice, either party may petition the Court to resolve the dispute.

9. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless the procedures set forth in Paragraph 9 have been followed, and the moving party has provided the other party with written notice received at least 10 business days before the filing of such motion or proceeding.

10. Plaintiffs reserve the right to seek additional costs of litigation (including reasonable attorney fees) incurred subsequent to entry of this Consent Decree.  EPA reserves the right to oppose any such request for additional costs of litigation (including attorney fees).

11. The deadline for filing a bill of costs pursuant to Local Rule 54-1 and a motion for costs of litigation (including attorney fees) pursuant to Local Rule 54-5 for activities performed prior to entry of the Consent Decree is hereby extended until 90 days after this Consent Decree is entered by the Court.  During this period, the Parties shall seek to resolve any claim for costs of litigation (including attorney fees), and if they cannot, Plaintiffs may file a motion for costs of litigation (including attorney fees) or a stipulation or motion to extend the deadline to file such a

motion. EPA reserves the right to oppose any such request and shall have at least 60 days to respond to any motion for costs of litigation (including attorney fees). Plaintiffs shall have at least 30 days to file a reply in support of their motion.

12. This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree and to resolve any requests for costs of litigation (including attorney fees). *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

13. Nothing in the terms of this Consent Decree shall be construed (a) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under 42 U.S.C. § 7607(b)(1) or (b) to waive any claims, remedies, or defenses that the parties may have under 42 U.S.C. § 7607(b)(1).

14. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or otherwise provided by law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this Paragraph.

15. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law, nor to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the action addressed in this Consent Decree.

16. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and EPA. Accordingly, the parties hereby agree that any and all rules of construction providing that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

17. The parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice of this Consent Decree in the *Federal Register* and an opportunity for public comment under 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment under 42 U.S.C. § 7413(g), the

Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to the Consent Decree. If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, the parties shall promptly file a motion that requests that the Court enter this Consent Decree.

18. Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail or other means, and sent to the following (or to any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

<u>For Plaintiffs</u>:   Benjamin T. Rankin
1411 K St. NW, Ste. 1300
Washington, D.C. 20005
Tel. (202) 849-8402
Email: brankin@biologicaldiversity.org

<u>For Defendant</u>:   David D. Mitchell
P.O. Box 7611
Washington, D.C. 20044
Tel. (202) 598-9737
Email: david.mitchell@usdoj,gov

19. EPA and Plaintiffs recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

20. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

21. The undersigned representatives of Plaintiffs and EPA certify that they are fully authorized by the party they represent to consent to the Court's entry of the terms and conditions of this Consent Decree.

1  **IT IS SO ORDERED** on this _____ day of _____, 2025.

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

1  COUNSEL FOR PLAINTIFFS:

*/s/ Benjamin Rankin*
BENJAMIN T. RANKIN (Cal. Bar No. 352371)
Center for Biological Diversity
1411 K St. NW, Ste. 1300
Washington, D.C. 20005
Phone: 202-849-8402
Email: brankin@biologicaldiversity.org

COUNSEL FOR DEFENDANT:   ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General


*/s/ David Mitchell*
DAVID D. MITCHELL (IL Bar No. 6302250)
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel. (202) 598-9737
Email: david.mitchell@usdoj.gov


Of counsel:
Charlotte Withey
Office of Regional Counsel, Region 9
U.S. Environmental Protection Agency